## No. 12,088.

STATE EX REL. ALEXANDRE MARCHAND VS. THE JUDGE OF THE FOURTEENTH JUDICIAL DISTRICT COURT FOR THE PARISH OF IBERVILLE.

The debtor who has failed to comply with the conditions of a contracted voluntary respite (to which the consent of all the creditors was not obtained) can not be driven to a forced surrender.

ON APPLICATION for a Writ of *Mandamus.*

*Edward N. Pugh* for Relators.

Submitted on briefs March 9, 1896.
Opinion handed down March 23, 1896.

---

### ON APPLICATION FOR WRIT OF MANDAMUS.

The opinion of the court was delivered by

BREAUX, J.   There was a meeting held of creditors of R. T. Hart in 1895.

Subsequently Hart contracted a voluntary respite with a majority of his creditors in number and amount.

In accordance with the agreement covered by the contract entered into with these creditors, the first instalment of fifteen per cent. was paid.

Prior to the maturity of the second instalment a number of creditors who were parties to the contract of respite sued out an attachment under which the debtor's property was seized.

Goodbar & Co. and other creditors intervened in this suit and averred that the agents of one of the attaching corporations misled and influenced them into consenting to the contract of respite; that they accepted as true their statement in regard to the financisl condition of Hart; they pray that all the creditors of Hart be declared parties to the respite, and that the respite proceedings be vacated and annulled and Hart ordered to make a cession of his property to his creditors.

The judge of the District Court refused to grant the order.

The relator in the petition for *mandamus* avers, in substance, that Hart violated the respite and conspired with persons alleging themselves creditors. The purpose in suing out the writ was to compel the judge of the District Court to sign the order constraining Hart to make a surrender of his property. In his answer to the rule *nisi* the judge states that his authority for ordering a forced surrender, upon the demand of one of the creditors, is contained in Sec. 4781 of the Revised Statutes. That statute directs the process, which consists chiefly in a petition of the creditor, supported by an oath, setting forth the judgment he has obtained, the issuance of execution and a return. The relator is not a judgment creditor, and these requirements could not be complied with.

The judge and the relator agree in the statement that there were suits pending in the court presided over by the former, and that creditors occupying relator's position intervened. The judge, in addition, returns that the facts alleged were substantially the same in all the petitions of intervention, and that he considered that the proceedings by intervention would afford due protection upon proof of the rights of the relator and other creditors, and that the purpose and scope of the interventions as interpreted by him, and under his ruling, would afford ample remedy.

The judge further returns that at the time that the relator presented his petition for a *mandamus*, two of the suits against Hart had been tried and decided upon the intervention of each, and resulted

in proving that the plaintiffs were not parties to the voluntary respite, or engaged in fraud and collusion with Hart as alleged by relator, and that he was not authorized in law in disturbing the *status* and rights of those plaintiffs.

Lastly, that at the time the petition for the order in question was presented to him an appeal had been demanded and allowed to these intervenors, and that he, in consequence, was no longer vested with authority to grant the order applied for to relator, involving, as it does, a stay of all proceedings, including a stay of the order of appeal.

The respondent annexed to his answer a copy of the petition of intervention, to which he refers in his return, a copy of the order of appeal and of the document signed by the creditor. The document evidences the consent of creditors to an extension of time as agreed upon among a majority of the creditors in number and amount, as we are informed by the judge's statement in his returns.

No attempt was made by the relator to traverse the judge's statement of the fact and to show error in this respect.

The proceedings are of such a character that we gave careful examination to the application of the relator.

Solving questions suggesting the bad faith of parties to an agreement are nearly always attended with much that is difficult and embarrassing. The attempt to consult the common law upon the subject has only served to remind us that respite is not authorized under the provisions of that system. Beauregard vs. New Orleans *et al.*, 18 Howard U. S. 501–503.

It was derived in Louisiana from the civil law. Consulting the pages of French commentators upon the subject, we find that in order that the contract of voluntary respite may bind all the creditors, formalities prescribed must be followed, and the proceedings homologated.

*Vide* Merlin de Atermoiement; Laurent and Toullier.

Under our Civil Code also effect to the contract of voluntary respite should be given only under strict observance of law.

Here there was no attempt to observe the forms of a judicial respite and no judgment decreeing a respite was obtained; no application of any kind was made to the courts.

It follows that the rights of creditors, not parties, are not affected.

It was not a voluntary respite, for it is only voluntary when all

the creditors consent to the proposal which the debtor makes to pay in a limited time the whole or a part of his indebtedness. C. C. 3085.

It was not a judicial respite for reasons already stated.

In order that a surrender of property may be ordered, it must be preceded by the one or the other.

The conditions precedent to a forced surrender are lacking.

It is obvious in this view of the subject we would not be justified in granting the order. We do not pass upon the terms of the contract and the effect they may have upon the rights of the creditors who signed and consented to the delay.

The following may serve to illustrate: Let us suppose a majority of the creditors in number and amount agreed with the debtor upon terms of a voluntary respite; that after the payment of the first instalment of the debt agreed upon, a number of the creditors colluded with the debtor and sued out an attachment, can the non-colluding creditors force a cession of property? There are important considerations lacking; the consent of all the creditors; a judgment granting the respite.

The bad faith of creditors may affect their right to an attachment. It does not give a right to a forced surrender of their debtor.

We confine our decision to a refusal to grant the writ of *mandamus* compelling the debtor to make a surrender of his property.

The relator's application is therefore refused.